[No. B076806. Second Dist., Div. Six. Aug. 24, 1994.]

HERBERT E. BARTHELS, Plaintiff and Appellant, v.
SANTA BARBARA TITLE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

James T. Lindsey for Plaintiff and Appellant.

Gibbs, Giden, Locher, Fleming & Acret, Joseph M. Giden, Lawrence B. Parker and Michael I. Giden for Defendants and Respondents.

## OPINION

**GILBERT, J.**—In this action for title abstractor's negligence, we hold that the negligence of the abstractor did not cause the property to lose value. Therefore, the property owner is not entitled to damages measured by the loss in value of the property. We also hold the trial court correctly determined other aspects of the award of damages. We affirm.

### FACTS

In 1976, Herbert Barthels purchased the last beach front parcel of property in the City of Santa Barbara (the City). He paid $24,500 for the unimproved lot. Escrow was through the Santa Barbara Title Company (Title Company) which also issued a policy of title insurance. The policy insured title to the lot and an appurtenant easement for access 15 feet wide.

Barthels, a local dentist, planned to build his residence on the parcel. In June of 1989, during the permitting process, he learned that the access easement was only seven and a half feet wide, and not fifteen feet as represented by the Title Company. The City refused to issue a building permit without a 15-foot-wide easement. The Title Company tendered $42,875, representing the purchase price as increased by the title insurance policy inflation endorsement.

Barthels sued the Title Company alleging abstractor's negligence in determining that Barthels had a 15-foot wide easement. Barthels prayed for damages for loss of value of his property, money spent on construction plans and expenses incidental to processing permit applications. The Title Company did not deny it was negligent. The only question, therefore, was the amount of damages.

At trial Barthels testified that in 1989 when he learned of the defect in title, the property was worth $800,000 with the 15-foot easement and nothing without the easement. Barthels claimed that through 1992 he had out of pocket expenses for such items as property taxes and architectural and engineering fees in the amount of $27,381.25. The Title Company agreed that Barthels expenses were $21,524.40 through 1989, the year Barthels discovered the defect in title.

Barthels also claimed $280,000 as compensation for his own time devoted to development of the parcel. He testified he spent 1,400 hours and was claiming $200 per hour as the value of his time.

The trial court found that the measure of damages for the Title Company's negligence was not the $800,000 loss in economic value of the property, but

the $42,875 offered by the Title Company. The court told Barthels he could cash the Title Company's previously tendered check in that amount.

The trial court also awarded Barthels $21,524.40 for out-of-pocket costs expended until the defect in title was discovered. As to compensation for Barthels' time, the court found 150 hours represented the time Barthels expended that avoided the need to hire others. The court stated Barthels was not entitled to compensation at his billable rate as a dentist. Although he rescheduled patients, he did not lose any. The trial court found that a fair rate would be $66.66 per hour. It awarded Barthels $10,000 as compensation for his time. The trial court found no basis for awarding Barthels attorney fees for prosecuting the negligence action. It therefore awarded a total of $31,524.40 in addition to the amount already tendered by the Title Company.

## DISCUSSION

### I

Barthels contends the trial court erred in failing to award him $800,000 for loss of economic value of his property. We disagree.

The measure of damages for negligence is ". . . the amount which will compensate for all the detriment proximately caused thereby . . . ." (Civ. Code, § 3333.) The question here is whether the negligence of the Title Company caused the property to lose economic value. Barthels testified the property had no economic value because it lacked a sufficient easement for access. Nothing the Title Company did or did not do caused the property to lack a sufficient access easement. A sufficient easement simply never existed. Thus, the Title Company cannot be liable for any loss of economic value of the property caused by the lack of the easement.

*Garton* v. *Title Ins. Trust Co.* (1980) 106 Cal.App.3d 365 [165 Cal.Rptr. 449] illustrates the role of causation in assessing damages for abstractor's negligence. There the abstractor failed to disclose that the plaintiffs' parcel was subject to a mineral interest in a third party. Plaintiffs sought an order requiring the abstractor to obtain a release of the mineral interest. In upholding the sustaining of a demurrer the court stated: "The first element of proximate cause is *cause in fact.* [Citations.] Nothing defendants did or did not do in any way caused the land to be subject to the Archibalds' mineral interest. . . . Since the acts or omissions of the defendants did not cause the land to be subject to the Archibalds' interest the cost of removing that interest is not a proper measure of plaintiffs' damages, nor are plaintiffs

entitled to an order requiring the defendants to obtain a release of that interest." (*Id.* at pp. 382-383.)

Here the Title Company's negligence caused Barthels to spend $24,500 on a valueless parcel of property. Damages in the amount of $24,500 plus interest are adequate to compensate Barthels for the loss of that money. The trial court apparently believed Barthels was adequately compensated for the loss of his purchase money by payment of the $42,875 policy limits. That amount represents the purchase price plus an inflation factor specified in the policy. Although interest and not a title policy inflation factor is ordinarily used to measure damages in tort (see 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1397, p. 868), Barthels does not complain on appeal that the trial court erred in substituting the inflation factor for interest.

Barthels' reliance on *Overholtzer* v. *Northern Counties Ins. Co.* (1953) 116 Cal.App.2d 113 [253 P.2d 116] is misplaced. There, in discussing liability under a policy of title insurance the court stated, "It seems quite apparent to us that liability should be measured by diminution in the value of the property caused by the defect in title as of the date of the discovery of the defect, measured by the use to which the property is then being devoted." (*Id.* at p. 130.)

But liability under a policy of title insurance, as discussed in *Overholtzer*, is determined according to the provisions of the insurance contract. The Overholtzers' action was brought on the contract of title insurance. Here, the measure of a title insurer's liability under contract is not relevant. Instead, the instant case is based on negligence. Under the circumstances presented here, holding the Title Company liable for loss of value on a theory of negligence would violate Civil Code section 3333. That section limits damages for negligence to the detriment proximately caused by the Title Company's act or omission.

## II

Barthels also contends the trial court erred in awarding other damages.

Barthels argues that the trial court should not have stopped at the end of 1989 in calculating damages for his out-of-pocket expenses. But 1989 is the year Barthels discovered the defect in title. The City refused to issue a building permit, and he knew the land had no value. The trial court did not err in refusing to award damages for expenses made on land after Barthels learned it was worthless.

Barthels argues he should have been awarded damages for loss of income. But the trial court found no credible evidence Barthels lost any

income. The trial court did award Barthels $10,000 for the time he spent that avoided the need to hire someone else.

Barthels complains the trial court awarded damages for some of the time he spent, but not all. The trial court was not convinced that all the time Barthels said he spent was reasonably necessary for the development of the parcel. The trial court committed no error. Barthels simply failed to carry his burden of proof. We must treat all evidence unfavorable to the judgment as not having sufficient verity to be accepted by the trier of fact. (*GHK Associates* v. *Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872 [274 Cal.Rptr. 168].) We have no power on appeal to consider the credibility of a witness or to weigh the evidence. (*Kimble* v. *Board of Education* (1987) 192 Cal.App.3d 1423, 1427 [238 Cal.Rptr. 160].)

Barthels also complains that the amount awarded was calculated at $66.66 per hour, rather than the $200 hourly fee of a dentist. But in developing his property, Barthels was not performing the work of a dentist. Instead of compensating Barthels at the hourly rate of a dentist, the trial court properly measured compensation by the reasonable hourly rate for a person doing the type of work Barthels performed in developing his property. There was no credible evidence of the reasonable hourly rate for such work. But because Barthels had the burden of proof, if the trial court erred at all, it erred in awarding Barthels anything for his work. Thus there was no prejudice to Barthels in measuring compensation by $66.66. No reversal is warranted. (See *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

Finally, Barthels claims the court erred in failing to award attorney fees. Code of Civil Procedure section 1021 provides in part, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." There being no statute or agreement providing for attorney fees in this matter, the trial court was correct in refusing to award them.

The judgment is affirmed. Costs are awarded to respondents.

Stone (S. J.), P. J., and Yegan, J., concurred.

A petition for a rehearing was denied September 19, 1994, and appellant's petition for review by the Supreme Court was denied November 2, 1994.